**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

————————————

UNITED STATES OF AMERICA

       Plaintiff,

    vs.                                       1:21-cr-00797-KWR

ALPHONSO DINUWELLE,

       Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER comes before the Court on Defendant's Opposed Motion for In-Person Testimony at Evidentiary Hearing (**Doc. 46**).  Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well taken, and therefore, is **DENIED**.

**BACKGROUND**

Defendant Alphonso Dinuwelle faces several charges, including felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924; using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

On January 3, 2022, Defendant filed a Motion to Suppress Statements and Evidence (**Doc. 34**).  In the motion, Defendant sought a pretrial evidentiary hearing.  In its response to the motion, the United States proposed to present Special Agent Sam Supnick of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") virtually, by Zoom, for the suppression hearing.  **Doc. 38**.  The United States alleges that Agent Supnick has moved to Virginia, and thus, his appearance

virtually is appropriate. *See* **Doc. 47, at 1**. The United States also notes that ATF Special Agent

Katie Stamper, the case agent and the affiant on the challenged search warrant affidavit, will appear

in person because she is located in Albuquerque, New Mexico. ***Id.* at 1**. Defendant opposes the

presentation of any witnesses by Zoom, and requests that the suppression hearing "be set for in-

person, live testimony of all witnesses, with [Defendant's] physical presence in the courtroom."

*See* **Doc. 46, at 2**.

## DISCUSSION

Defendant argues that the Confrontation Clause of the Sixth Amendment and the Due

Process Clause require in-person confrontation at the pretrial evidentiary hearing. *See* **Doc. 46, at**

**2**. The Court disagrees.

First, the Court must consider whether Rule 43 of the Federal Rules of Criminal Procedure

may grant a criminal defendant the right to an in-person suppression hearing. Rule 43 governs a

defendant's presence at certain stages of criminal proceedings, and provides that:

> (a) **When Required**. Unless this rule, Rule 5, or Rule 10 provides otherwise, the
> defendant must be present at:
> (1) the initial appearance, the initial arraignment, and the plea;
> (2) every trial stage, including jury impanelment and the return of the verdict; and
> (3) sentencing.

Fed. R. Crim. P. 43.

On its face, the rule does not mandate a defendant's presence at a hearing on any pretrial

motions, including a motion to suppress. Indeed, the advisory committee notes to the rule state:

"This principle does not apply to hearings on motions made prior to or after trial." *Id.*

Accordingly, based on the plain text of Rule 43, several courts have concluded that Rule 43 does

not require a defendant's presence at pretrial hearings, including suppression hearings. *See, e.g.*,

*United States v. Burke*, 345 F.3d 416, 423–24 (6th Cir. 2003) ("Overall, the authorities are nearly

2

unanimous that Rule 43's right to be present does not apply to pre-trial suppression hearings. Consequently, we conclude that [defendant] Burke did not enjoy Rule 43's right to be 'present,' and his Rule 43 challenge to the use of video-conferencing at those proceedings must fail."); *United States v. Rosenschein*, 474 F. Supp. 3d 1203, 1206 (D.N.M. 2020) ("[B]y its plain terms, Rule 43 does not require a defendant's presence at a hearing on a motion to suppress, which does not satisfy any of the types of hearings listed there. In particular, a hearing on a motion to suppress is not a stage of the trial…rather, it is a pretrial proceeding."). Thus, the Court similarly concludes that Rule 43 does not bar holding a suppression hearing where the Defendant or other witnesses participate using videoconferencing software.

Next, the Court turns to Defendant's Confrontation Clause Argument. The Sixth Amendment provides that "the accused shall enjoy the right…to be confronted with the witnesses against him." U.S. Const. amend. VI. "[T]he principal evil at which the Confrontation Clause was directed was the…use of *ex parte* examinations as evidence against the accused." *Crawford v. Washington*, 541 U.S. 36, 50 (2004). Thus, the Confrontation Clause "guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact," and the right to conduct cross-examination of these witnesses. *See Coy v. Iowa*, 487 U.S. 1012, 1016–17 (1988). "[I]t is this literal right to 'confront' the witness *at the time of trial* that forms the core of the values furthered by the Confrontation Clause." *See California v. Green*, 399 U.S. 149, 157 (1970) (emphasis added).

The Government argues that the Tenth Circuit has "strongly suggested" that the Confrontation Clause does not apply to suppression hearings, and that there is no "compelling reason for this Court to create a new rule that requires in-person testimony at a suppression hearing." *See* **Doc. 47, at 4–5**. While Defendant contends that previous opinions on this issue

performed a "flawed" Sixth Amendment analysis, and this Court should consider that a pretrial evidentiary hearing "necessarily involves an important fact-finding exploration in the pending criminal trial" and "[c]ompleting these tasks by videoconferencing technology is simply less effective than live testimony, and produces a chilling effect on a 'functional' right designed to promote the reliability in the truth-finding process." *See* **Doc. 46, at 4–5**.

Neither the Supreme Court nor the Tenth Circuit has directly addressed whether the right to confrontation applies at pretrial hearings such as a suppression hearing. *See United States v. Garcia*, 324 F. App'x 705, 708 (10th Cir. 2009) ("There is no binding precedent from the Supreme Court or this court concerning whether *Crawford* applies to pretrial suppression hearings. To the extent that we can divine clues from our case law concerning the resolution of this issue, they do not benefit [defendant] Mr. Garcia."); *United States v. Cook*, 761 F. App'x 840, 846 n.12 (10th Cir. 2019) ("[W]e have held that the Confrontation Clause does not apply during sentencing…And [defendant] Cook does not direct us to any opinion from our court holding that the Confrontation Clause applies to suppression hearings.").

However, a few federal courts have addressed this issue and concluded that the Confrontation Clause does not apply at a suppression hearing. *See United States v. Robinson*, 663 F. App'x 215, 218 (3d Cir. 2016) (rejecting the defendant's argument that the admission of a police officer's testimony at a suppression hearing violated his Sixth Amendment right to confront witnesses and concluding that the Supreme Court "has never suggested…that the Confrontation Clause applies during a pre-trial suppression hearing"); *Ebert v. Gaetz*, 610 F.3d 404, 414 (7th Cir. 2010) (concluding that the trial court's consideration of a witness's testimony regarding the alleged confession of an accomplice at a pretrial hearing did not implicate the Confrontation Clause "because the court considered the statement at a suppression hearing, not [defendant] Ebert's

trial").  Defendant can point to no decision holding otherwise, thus, based on the current weight of authority, this Court must reasonably conclude that the right to confrontation does not attach at a pre-trial suppression hearing.

The Court recognizes that "there are several colorable arguments" that the Confrontation Clause applies at this stage of the proceedings.  *See United States v. Lattimore*, 525 F. Supp. 3d 142, 147 (D.D.C. 2021).  For example, the phrase "in all criminal prosecutions" in the text of the Sixth Amendment does not appear to be limited to trial proceedings alone.  *Id.*  Additionally, other Sixth Amendment rights like the right to counsel attach to critical pretrial stages in a criminal proceeding, and a suppression hearing is "undoubtably a critical part of a criminal prosecution." *Id.* at 148.  Still, the Court is persuaded by existing authority, and therefore, declines to extend the confrontation right to the suppression hearing setting.

Moreover, even if this Court assumes that the Confrontation Clause applies to suppression hearings, the use of teleconferencing technology, like Zoom, would not violate Defendant's right to confront witnesses under the circumstances in this case.  Here, only one witness, Agent Supnick, intends to appear virtually, and this witness, although one of the agents who worked on the case, was not the affiant in the warrant affidavit that forms the basis for Defendant's motion to suppress. Additionally, Defendant and his counsel will be present in the courtroom in person for the duration of the hearing and will be able to see and hear all participants of the hearing, including the sole participant appearing virtually.  The undersigned judge, too, will be present in person and would herself be able to see and hear all participants during the hearing.  Although Zoom does not allow for physical, face-to-face confrontation, in this case, the use of two-way video conferencing technology creates a close approximation of the courtroom setting that can sufficiently safeguard Defendant's right to confrontation.

Defendant also argues that the Due Process Clause requires in-person testimony and points to *Barrera-Quintero v. Holder*, 699 F.3d 1239 (10th Cir. 2012) in support. *See* **Doc. 46, at 6**. Here too, the Court must reject Defendant's arguments.

The Due Process Clause provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Barrera-Quintero*, the Tenth Circuit found that permitting an immigration official to testify by telephone at a non-lawful resident's removal proceedings did not violate the resident's procedural due process rights; however, the court noted that "under facts not presented here, the lack of in-person confrontation might so undercut the purposes of cross-examination as to deprive a non-lawful resident of the fundamental protections of procedural due process." 699 F.3d at 1248–49.

First, any due process rights Defendant may have in the physical presence of Agent Supnick in the courtroom is implicated to a lesser degree in a suppression hearing than in an actual trial. *See United States v. Raddatz*, 447 U.S. 667, 679 (1980) ("[T]he process due at a suppression hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself."). Second, conducting the suppression hearing partially by videoconference will not offend Defendant's due process rights. Agent Supnick's virtual appearance will not prevent an oath from being administered, will not prevent defense counsel from cross-examining him, and will not prevent Defendant and this Court from viewing him and observing his demeanor. Although there are material differences between in-person and virtual testimony, the Court finds that use of two-way Zoom technology here "adequately ensures that the testimony is both reliable and subject to rigorous adversarial testing in a manner" that will not render the proceeding fundamentally unfair nor deprive Defendant of due process. *See Maryland v. Craig*, 497 U.S. 836, 851 (1990).

6

**CONCLUSION**

The Court concludes that Defendant has failed to show that the use of Zoom teleconferencing technology at the suppression hearing to present the testimony of ATF Special Agent Supnick would violate his due process rights or his right to confront witnesses.

**IT IS THEREFORE ORDERED** that Defendant's Opposed Motion for In-Person Testimony at Evidentiary Hearing (**Doc. 46**) is **DENIED**.


KEA W. RIGGS
UNITED STATES DISTRICT JUDGE